**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**



FILED
JUL 27 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ALAN J. BROWN,

    **Plaintiff,**

v.                                          CIVIL NO. 2:11cv184

STEVEN D. COX, et al

    **Defendants.**

## OPINION AND ORDER

In the instant action, Plaintiff Alan J. Brown ("Plaintiff") seeks to sue Steven D. Cox, Shawn Norman, and David Browning, over injuries he sustained as a result of a boating accident on August 28, 2010. This matter is currently before the Court on a Motion to Dismiss filed by Defendants Norman and Browning ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

I. Factual and Procedural Background

As alleged in Plaintiff's March 29, 2011 Complaint, on August 28, 2010, in the intra-coastal waterway in Virginia in or around Currituck Sound, Plaintiff was riding in an inner tube pulled by a towline by a motorboat operated by Defendant Norman and owned by Defendant Browning. As Norman towed Plaintiff, a second motorboat, operated by Defendant Cox, crossed the towline, causing Plaintiff to be ejected from the inner tube. Plaintiff was subsequently hit by Cox's motorboat, and according to the Complaint, sustained "severe and permanent injuries" as a

result of the accident. Plaintiff's Complaint alleges counts of negligence against Cox, Norman and Browning, and negligence per se for violation of Inland Navigation Rules and the City Code of Virginia Beach against Cox and Norman. In addition to compensatory damages for Plaintiff's injuries, the Complaint also seeks punitive damages against each of the defendants.

On April 27, 2011, Defendants Norman and Brower filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and a motion to strike Plaintiff's claim for punitive damages pursuant to Rule 12(f). Plaintiff filed a Reply to Defendants' Motion to Dismiss on May 6, 2011, and Defendants responded to this Reply on May 6, 2011. The matter is therefore ripe for adjudication.

II. Jurisdiction

Plaintiff alleges this matter involves the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. § 1333. In Foremost Insurance Co. v. Richardson, a case involving the collision of two pleasure boats, the Supreme Court held that "a complaint alleging a collision between two vessels on navigable waters properly states a claim within the admiralty jurisdiction of the federal courts." 457 U.S. 668 (1982). The Fourth Circuit has subsequently held that the essence of admiralty and maritime jurisdiction in a case such as this is the involvement "of the navigation of the pleasure boat," not "whether a pleasure boat collides with the hull of another boat or with the body of an individual." Oliver by Oliver v. Hardesty, 745 F.2d 317, 320 (4th Cir. 1984). Because the wrong alleged here involves the negligent operation of the Defendants' vessel on navigable waters, there is a sufficient nexus to traditional maritime activity to sustain admiralty jurisdiction. The Court therefore has original jurisdiction over this case under 28 U.S.C. § 1333.

III.  Standard of Review

Fed. R. Civ. P. 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), have clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible.

In evaluating a complaint under Twombly and Iqbal, a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct., at 1949. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must decide whether the remaining allegations in the complaint—taken as true—state a "plausible claim for relief." Id. (quoting Twombly, 550 U.S., at 570). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157 (2nd Cir. 2007). In essence, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

IV. Count I – Negligence

In their Motion to Dismiss, Defendants argue that Plaintiff has failed to plead "sufficient factual content from which a reasonable inference can be drawn that either defendant plausibly may be liable to the plaintiff for negligent or improper conduct." In response, Plaintiff claims that "at the very least" the facts it alleges "nudge the claims from conceivable to plausible." The Court disagrees that the claims have been alleged with sufficient factual support to nudge them across the line to plausibility.

The elements of a negligence claim under maritime jurisdiction are substantively the same as if the negligence was land-based. Evergreen Int'l, S.A. v. Norfolk Dredging Co., 531 F.3d 302, 308 (4th Cir. 2008). Under Virginia law, the essential elements of a negligence cause of action are (1) the existence of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; (3) harm or injury to the plaintiff and (4) proximate causation of that harm or injury by the defendant's breach. Talley v. Danek Medical, Inc., 179 F.3d 154 (4th Cir. 1999) (citing Locke v. Johns-Manville Corp., 221 Va. 951, 275 S.E.2d 900, 904 (1981)).

To successfully plead a claim under Iqbal and Twombly, Plaintiff's Complaint must provide sufficient facts to plausibly support each of these elements of the tort. The Complaint does not meet this standard with regard to either of the Defendants. As an initial matter, it does not allege what duty Defendant Norman or Defendant Browning may have owed to Plaintiff. Then, after nebulously concluding that Defendant breached whatever duty was owed by "failing to keep a proper lookout . . . avoid the risk of collision . . . and stay clear of a vessel towing an inner tube," Plaintiff alleges only that "Norman's conduct in operating and handling a motorboat was the

proximate cause of [Plaintiff's] injuries." Plaintiff pleads no facts to establish how Norman's conduct in fact led to the injuries, but simply labels it as "the proximate cause." Such a "formulaic recitation of the elements of a cause of action" is specifically foreclosed by Twombly. 550 U.S. at 555.

Plaintiff's Complaint is even more ambiguous with respect to Defendant Browning. Here, Plaintiff attempts to establish breach by alleging that "[Defendant Browning] negligently entrusted control of his vessel to Cox and/or Norman" and "knew or should have known that Cox and/or Norman intended to operate his vessel . . . as to place [Plaintiff] in a position of danger." He then again concludes that "[Defendant Browning's] conduct in operating and handling a motorboat was the proximate cause of [Plaintiff's injuries]." This section of the Complaint is internally inconsistent with other portions that allege that Cox was operating a second motorboat that severed the tow line, not the boat that Browning owned that was towing Plaintiff. It also inconsistent in that it alleges that Browning's "operation and handling" of the boat was the proximate cause of the injury, although it elsewhere claims that Defendant Norman was operating and handling the motorboat at the time of the injury. These inconsistencies aside, Plaintiff's allegations against Defendant Browning suffer from the same fatal defect as those against Defendant Norman. The element of proximate cause is pleaded as a mere conclusion, and those facts pleaded to establish the element of breach do not "permit the court to infer more than the mere possibility of misconduct." Iqbal at 1950.

IV. Count II – Negligence Per Se Regarding Inland Navigation Rules, 33 U.S.C. §§ 2001-2073

As a threshold matter, Defendants dispute "whether federal maritime law recognizes a

separate, independent claim for negligence per se for an alleged violation of the federal Inland Navigational Rules." The Court is unaware of any federal maritime law or precedent establishing such an independent cause of action, or requiring that such a claim be pleaded independently of a general negligence claim. Courts in other jurisdictions have generally determined that negligence per se is not a separate cause of action, and therefore should not be pleaded as such. Under their reasoning, negligence per se is not independent from general negligence, but rather the application of an evidentiary presumption whereby a plaintiff can satisfy the duty and breach elements of a general negligence claim as a matter of law. See, e.g., Carson v. Depuy Spine, Inc., 365 Fed.Appx. 812, 815 (9th Cir. 2010); Gomez v. Countrywide Bank, FSB, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *8 (D. Nev. October 26, 2009); Daniel Boone Area School District v. Lehman Bros., Inc., 187 F.Supp.2d 400, 407 (W.D. Pa. 2002); Isely v. Capuchin Province, 880 F.Supp. 1138, 1150 (E.D. Mich. 1995); contra Anchundia v. Northeast Utilities Service Co., No. CV 07-4446(AKT), 2010 WL 2400154, at *4 (E.D. N.Y. June 11, 2010) (finding negligence per se to be a separate cause of action under Connecticut law); compare Edington v. Madison Coal & Supply Co., Inc., Civil Action No. 08-69-JGW, 2010 WL 2244078, at *2 (E.D. Ky. June 4, 2010) (finding it unclear whether negligence per se should be pleaded as a separate cause of action in the Sixth Circuit or used to support a general claim of negligence).

Commentators have reasoned similarly, noting that although negligence per se rule can serve to establish general negligence, it has no effect beyond that. It does not create a distinct cause of action with different qualities than negligence, but merely creates a presumption that the duty of care has been breached. W. PAGE KEETON, ET AL., PROSSER & KEETON ON TORTS 229-31 (5th ed. 1984). The Court therefore finds that in this matter, negligence per se should not be pleaded as a cause of action independent from Plaintiff's general negligence claim as contained in

Count I of his Complaint.

This does not mean that Plaintiff may not allege a statutory violation when pleading his negligence cause of action. Federal maritime law recognizes an analog of negligence per se in the longstanding Pennsylvania Rule. Under the Rule, if a vessel involved in an accident is in violation of a statute or regulation intended to prevent such an accident at the time the accident occurs, that vessel is presumed to be the cause of the accident. The burden of disproving that causation then shifts to that vessel. See In re Complaint Of Vulcan Materials Co. v. Massiah, No. 10–1041, 2011 WL 1718896, at *9 (4th Cir. May 6, 2011) (citing The Pennsylvania, 86 U.S. (19 Wall.) 125, 136, 22 L.Ed. 148 (1873); Evergreen Intern., S.A., 531 F.3d at 310)). Unlike negligence per se, however, the Pennsylvania Rule creates a presumption of causation, not a presumption of negligence. Otal Investments Ltd. v. M.V. Clary, 494 F.3d 40, 50 (2nd Cir. 2007); In re Mid-South Towing Co., 418 F.3d 526, 531 (5th Cir. 2005). Further, it does not shield the party invoking the Rule from liability for contributory fault. Continental Grain Co. v. Puerto Rico Maritime Shipping Authority, 972 F.2d 426, 436 (1st Cir. 1992) (citing THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 13-2, at 452 (1987)).

Defendants argue that such liability for violation of the federal Inland Navigational Rules should only attach when an incident involves a "ship collision." Under Defendants' analysis, the matter at hand does not involve a collision of ships per se, but rather the collision of Defendant Cox's boat with Plaintiff after he was ejected from the inner tube. However, as pleaded in the Complaint, the facts indicate that Defendant's Cox's boat severed the tow rope of Defendants Norman and Browning's boat. While the hulls of the vessels may not have collided, there was a collision between one boat and the equipment of another. Such an incident constitutes a "collision" for the purposes of the Pennsylvania Rule and the Inland Navigational Rules. Cf.

Matheny v. Tennessee Valley Authority, 557 F.3d 311, 317 (6th Cir. 2009) (noting that the term "collision" is used in a broad sense under the Inland Navigational Rules to include a vessel's wake striking another vessel).

Based on the this analysis, Plaintiff may plead a cognizable claim for negligence under the Pennsylvania Rule with respect to Defendants' alleged violations of the Inland Navigational Rules. Evergreen Intern., S.A., 531 F.3d at 310 (noting that the Inland Rules are the type of statute or regulation "intended to prevent collisions" contemplated by the Pennsylvania Rule) (citing The Pennsylvania, 86 U.S. at 136; Belden v. Chase, 150 U.S. 674, 698, 14 S.Ct. 264, 37 L.Ed. 1218 (1893)).

However, Plaintiff has failed to allege sufficient facts to plead such a claim in Count I or II. To successfully plead a negligence cause of action under the Pennsylvania Rule, a plaintiff must allege facts plausibly establishing a violation of a statute or regulation that imposes a mandatory duty and involves marine safety and navigation. While Plaintiff's Complaint does allege that Defendants have violated such statute or regulation, it does so in a conclusory fashion, claiming simply that "Norman violated the Inland Navigation Rules in operating and handling [his] motorboat[]." As noted above, the preceding allegations that Norman "failed to keep a proper lookout . . . to avoid the risk of collision, and . . . to stay clear of a vessel towing an inner tube," are equally conclusory, and lack the "factual enhancement" required by Twombly and Iqbal to plausibly establish that the Defendants are liable for the misconduct alleged. Plaintiff has failed to sufficiently plead facts supporting its negligence cause of action, with or without respect to the Pennsylvania Rule. Therefore, Defendants' Motion to Dismiss must be granted as to both Counts I and II.

V.   Count III – Negligence Per Se Regarding City Code of Virginia Beach, Virginia

Plaintiffs have also pleaded a negligence per se cause of action with respect to Sections 6-111 and 6-121 of the Code of the City of Virginia Beach, Virginia. Defendants argue that since Plaintiff has chosen to proceed under federal admiralty jurisdiction, there is no need to resort to a local ordinance to supply the rule of decision. While not explicitly addressing the distinction between federal and state law, the Fourth Circuit has held that "the conceded violation of any statutory requirement creates a presumption against the party in default" with respect to the Pennsylvania Rule. The Hercules, 80 F. 998, 1001 (4th Cir. 1897). Furthermore, several courts in other jurisdictions have applied the Pennsylvania rule to the violation of state statutes or local ordinances. Complaint of Wasson, 495 F.2d 571, 583 (7th Cir.1974) (listing multiple examples of application of state and local law); cf. Moore v. Matthews, 445 F.Supp.2d 516, 525 (D. Md. 2006) (declining to address whether violation of Maryland's Personal Watercraft Regulations was actionable under Pennsylvania Rule).

Defendant has not pointed to any federal maritime law conflicting with or preempting the relevant provisions of the Virginia Beach Code. State law has been applied in admiralty cases where it does not conflict with federal maritime law. Wilburn Boat Co. v. Fireman's Fund Insur. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). If such a conflict exists, the federal law would preclude the application of state law. However, in the absence of such conflict or material frustration of a tenet of admiralty law, Plaintiff may plead a negligence claim under the Pennsylvania Rule with respect to relevant provisions of the Code of the City of Virginia Beach.

Although such a claim may proceed as a matter of law, Plaintiff's cause of action under the Virginia Beach Code, as pleaded, suffers from the same defect as Counts I and II of his Complaint.

Rather than alleging any specific factual support for Defendants violation of the City Code, Plaintiff merely makes the conclusory accusation that "Norman violated the Code of the City of Virginia Beach in the operating and handling of [his] motorboat[]." Absent factual content, this "naked assertion of wrongdoing" does not allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Count III therefore must also be dismissed.

VI. Punitive Damages

Defendants also move to dismiss or strike Plaintiff's claim for punitive damages under Fed. R. Civ. P. 12(b)(6) and 12(f). In his Complaint, Plaintiff requests punitive damages in the amount of $350,000 under each of Counts I, II, and III.

Under Virginia law, a claim for punitive damages must demonstrate that the defendant's misconduct was willful and wanton, involving "some type of egregious conduct . . . going beyond that which shocks fair-minded people." Woods v. Mendez, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (Va.2003); Harris v. Harman, 253 Va. 336, 486 S.E.2d 99 (Va.1997). To properly plead a claim for punitive damages, a plaintiff must allege sufficient facts to plausibly demonstrate such willful and wanton conduct. Mere conclusory legal statements, without facts to support them, will not suffice. Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir.2001).

Plaintiff's Complaint alleges no such facts. The conclusory legal statements it does employ, such as "reckless" and "grossly negligent," provide no factual support for its allegations that Defendants' conduct was willful or wanton and thus deserving of punitive damages. Plaintiff's request for punitive damages is vaguely pleaded as a mere conclusion, and therefore must be dismissed along with the other pleadings in his Complaint.

VII. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss, with respect to Counts I, II, III, and Plaintiff's request for punitive damages. Accordingly, Plaintiff's Complaint is hereby **DISMISSED** without prejudice. The Court hereby **GRANTS** Plaintiff leave to file an amended complaint in accordance with this Order if he so desires, provided he files said complaint within 21 days of the date hereof. Following Plaintiff's filing of an amended complaint, Defendants are **ORDERED** to file any answer or responsive pleading within 21 days of the date of the filing of the amended complaint.

The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 27, 2011