IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



ALAN J. BROWN,

    Plaintiff,

v.                                                    CIVIL NO. 2:11cv184

STEVEN D. COX, and

SHAWN C. NORMAN,

    Defendants.

## OPINION AND ORDER

In the instant action, Plaintiff Alan J. Brown ("Plaintiff") seeks to sue Steven D. Cox and Shawn Norman over injuries he sustained as a result of a boating accident on August 28, 2010. This matter is currently before the Court on a Motion to Dismiss Plaintiff's Claim for Punitive Damages filed by Defendant Norman ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

### I. Factual and Procedural Background

By Opinion and Order of July 27, 2011, this Court dismissed Plaintiff's original Complaint in its entirety, including Plaintiff's punitive damages claim, but granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint on August 17, 2011, which alleges two counts of general maritime negligence against Defendants Cox and Norman and demands compensatory damages of $400,000 and punitive damages of $350,000. Defendant Norman

moved to dismiss Plaintiff's claim for punitive damages in the Amended Complaint on September 2, 2011. Plaintiff filed a Response on September 8, 2011, and Defendant filed a reply September 12, 2011. The matter is therefore ripe for adjudication.

As alleged in Plaintiff's August 17, 2011 Amended Complaint, on August 28, 2010, in the intra-coastal waterway in Virginia in or around Currituck Sound, Plaintiff was riding in an inner tube pulled by a towline by a motorboat operated by Defendant Norman and owned by Browning. As Norman towed Plaintiff, a second motorboat, operated by Defendant Cox, crossed the towline, causing Plaintiff to be ejected from the inner tube. Plaintiff was subsequently hit by Cox's motorboat, and according to the Amended Complaint, sustained "severe and permanent injuries" as a result of the accident.

Plaintiff alleges that Defendant Cox had consumed alcoholic beverages just before and/or during his operation of his motorboat and that Defendant Norman knew Cox had consumed alcoholic beverages. Plaintiff further alleges that after Cox's vessel struck the towline, Cox knew that Plaintiff had impacted the side of Cox's boat near the operating propeller, but Cox never slowed his vessel, never offered assistance at the scene, hastened his speed, turned his vessel toward shore, and then hid himself at his own campsite. Plaintiff alleges that Cox was negligent by driving into the towline between the towing vessel and the inner tube upon which Plaintiff rode, by failing to keep a proper lookout, by failing to avoid the risk of collision, by failing to reduce his speed or stop, by failing to stay clear of a vessel pulling an inner tube, and by endangering Plaintiff, thereby injuring him.

Plaintiff alleges that Norman knew Cox had access to his own jet skis and boat in close proximity to where Norman was operating Browning's boat before Cox drove into the towline. At the time of the accident, when Norman was operating the motorboat that was towing the inner

tube, Plaintiff alleges that Norman ignored warnings from persons onboard Browning's boat to cease pulling Plaintiff near Cox and his boat. Despite these warnings, Plaintiff alleges that Norman continued to pull him on the inner tube into a dangerous vessel crossing situation with Cox, and operated Browning's boat without properly altering course or speed. Plaintiff alleges that Norman also continued to operate Browning's boat without properly altering course or speed while Cox operated his boat at a dangerously high speed with close circles around Browning's boat and Plaintiff. Finally, Plaintiff alleges that Norman did not keep a proper lookout while operating Browning's boat.

In Count II of the Amended Complaint, which is a negligence count directed at Norman, Plaintiff alleges that Norman had a duty to operate and handle Browning's motorboat in a safe manner and knew and/or should have known that Cox was operating his motorboat in a reckless, careless, and grossly negligent manner in close proximity to Browning's boat and Brown. Count II further alleges that Norman breached his duty by failing to keep a proper lookout, by failing to avoid the risk of collision, by failing to reduce his speed or stop, by failing to steer clear of a dangerous vessel crossing situation, and/or by failing to stay clear of a known hazard, and by endangering Plaintiff.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), have

clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible.

In evaluating a complaint under Twombly and Iqbal, a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must decide whether the remaining allegations in the complaint—taken as true—state a "plausible claim for relief." Id. (quoting Twombly, 550 U.S. at 570). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157 (2nd Cir. 2007). In essence, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

### III. Claim for Punitive Damages

Defendant Norman moves to dismiss or strike Plaintiff's claim for punitive damages under Fed. R. Civ. P. 12(b)(6) and 12(f). In contemplating a 12(b)(6) motion, the Court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir.2000)). As stated in this Court's previous

Opinion and Order, under Virginia law, a claim for punitive damages must demonstrate that the defendant's misconduct was willful and wanton, involving "some type of egregious conduct . . . going beyond that which shocks fair-minded people." Woods v. Mendez, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (Va.2003); Harris v. Harman, 253 Va. 336, 486 S.E.2d 99 (Va.1997). Punitive damages are not favored generally because they are in the nature of a penalty. Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 144 (1992). In order to demonstrate that a defendant acted willfully and wantonly, a plaintiff must show that the defendant was "conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to [the] consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result." Bowers v. Westvaco Corp., 244 Va. 139, 150-51 (citing Infant C. v. Boy Scouts of America, 239 Va. 572, 581 (1990) (quoting Thomas v. Snow, 162 Va. 654, 660 (1934)). To properly plead a claim for punitive damages, a plaintiff must allege sufficient facts to plausibly demonstrate such willful and wanton conduct. Mere conclusory legal statements, without facts to support them, will not suffice. Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001).

Plaintiff's Amended Complaint does not allege sufficient facts to withstand a motion to dismiss. In his Amended Complaint, Plaintiff has added new allegations, namely that Defendant knew Cox had consumed alcoholic beverages, Defendant ignored warnings about Cox from passengers in the motorboat, and Defendant did not alter the course or speed of the boat he was operating despite the speed at which Cox was operating his boat nearby. Even if these allegations indicate that Defendant had knowledge of existing circumstances that could cause injury to another, Plaintiff has not demonstrated that Defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act, or omitted some known duty,

which produced the injurious result.

Furthermore, in Virginia, "where the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible." Xspedius Management Co. of Virginia, LLC v. Stephan, 269 Va. 421, 425 (2005) (quoting Wright v. Everett, 197 Va. 608, 615 (1956)). The facts pleaded in Plaintiff's Amended Complaint indicate that this is a case of ordinary negligence concerning Defendant. As pleaded, the facts do not indicate that Defendant's conduct was the most egregious or contained any special motives of aggravation.

Plaintiff cites Lucher v. Hildenbrandt, 794 F.Supp. 581 (E.D. Va. 1992), in support of his argument that punitive damages are appropriate here. In Lucher the court found that a claim for punitive damages could survive a motion to dismiss where the driver of a car, in a fit of anger, drove well in excess of 60 miles per hour through neighborhood streets and down a steep, curved hill (where the driver drove himself and his passengers into a tree) while his passengers were strongly voicing their protest to the way he was driving. Id. at 582. The facts in Lucher are distinguishable from the ones in the present case, however, because the driver in Lucher acted with actual malice and aggravation—he was driving in a fit of anger. Nowhere in the Amended Complaint has Plaintiff indicated that there were any special motives of aggravation or actual malice. Punitive damages are a penalty and should only be awarded to deter the most egregious type of conduct. Plaintiff's request for punitive damages does not rise to the level of egregiously willful and wanton behavior as required by law. Therefore, Plaintiff's request for punitive damages must be dismissed.

IV. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Claim for Punitive Damages.

The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
November 8, 2011