IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ALAN J. BROWN,                          :
                                        :
        Plaintiff,                      :
                                        :
v.                                      : CIVIL NO. 2:11cv184
                                        :
STEVEN D. COX, and                      :
SHAWN C. NORMAN,                        :
                                        :
        Defendants.                     :

## OPINION AND ORDER

Plaintiff Alan J. Brown ("Plaintiff" or "Brown") has sued Steven D. Cox ("Cox") and

Shawn Norman ("Norman") over injuries Brown sustained as a result of a boating accident on

August 28, 2010.  The matter is currently before the Court on a Motion to Strike Jury Demand

filed by Defendant Norman ("Norman") under Federal Rule of Civil Procedure 38(d) and (e).

For the reasons set forth below, the Court denies Defendant's Motion to Strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2010, Plaintiff was riding in an inner tube pulled with a towline by a

motorboat in the intra-coastal waterway in Virginia near Currituck Sound.  The motorboat was

owned by David Browning ("Browning") and operated by Defendant Norman.  As Norman

towed Plaintiff, a second motorboat, operated by Defendant Cox, crossed the towline, causing

Plaintiff to be ejected from the inner tube.  Plaintiff was subsequently hit by Cox's motorboat

and allegedly sustained severe and permanent injuries as a result of the accident.

On March 29, 2011, Plaintiff filed suit against Norman, Cox, and Browning.  In his

Original Complaint, Plaintiff sought compensatory as well as punitive damages alleging one

count of negligence against Norman, Cox, and Browning, and two counts of negligence per se

against Norman and Cox. Brown described two bases of jurisdiction in the Original Complaint. He stated that the "matter involves the admiralty and maritime jurisdiction of the court," but also alleged jurisdiction based upon diversity of citizenship. (ECF No. 1, ¶¶ 7 & 8). The Original Complaint contained no jury demand.

Defendant Cox never answered the Original Complaint, and on May 2, 2011 the Clerk entered Cox's default on the docket. (ECF No. 9). Defendants Norman and Browning filed a Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike Claim for Punitive Damages. On July 27, 2011, the Court granted Defendants' Motion to Dismiss, including the motion to strike Plaintiff's request for punitive damages.

The Court found that Brown had pled claims within the Court's original admiralty jurisdiction, but failed to support those claims with facts sufficient to state a plausible claim for relief. The entire Complaint was dismissed, without prejudice, and Brown was granted leave to file an amended complaint. (ECF No. 14). On August 17, 2011, Plaintiff filed an Amended Complaint against Norman and Cox only. (ECF No. 15). In it, Brown included additional factual detail and again alleged counts in negligence related to both defendants' alleged breach of duty and violation of both federal and state statutes governing the operation of motor boats. Because the Amended Complaint substantively modified the claims after Cox's default, the Court also vacated the Clerk's prior entry of default against Cox, and directed Brown to serve him with the Amended Complaint. (ECF No. 21).

In addition to the new factual allegations, the Amended Complaint also demands a trial by jury. Defendant Norman timely filed an Answer on September 2, 2011. Defendant Cox, only recently served, filed his Answer to the Amended Complaint on January 20, 2012.

On December 5, 2011, nearly three months after answering, Defendant Norman filed his Motion to Strike Jury Demand.  Plaintiff filed a brief opposing the motion on December 13, 2011, and Defendant Norman replied on December 15, 2011.

## II. ANALYSIS

Norman raises two objections to Brown's jury demand.  First, he claims Brown is not entitled to a jury because he chose to file the case under the Court's admiralty jurisdiction where he would have no right to a jury trial.  Second, he claims that any right to a jury was waived by Brown's failure to timely demand one in his Original Complaint.  For the reasons that follow, the Court concludes that Brown has properly demanded a jury for an injury claim within the Court's diversity jurisdiction, and as a result, denies Norman's Motion to Strike.

**A.      Appropriateness of jury trial for Brown's negligence claims.**

Federal district courts have "original jurisdiction, exclusive of the courts of the States," over "any civil case of admiralty or maritime cases jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The Supreme Court has explained that the saving-to-suitors clause preserves a plaintiff's right to a common law remedy "in all cases where the common law is competent to give it." In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007) (citing Leon v. Galceran, 78 U.S. 185, 191 (1870)). The common law is competent to provide a remedy in a general maritime negligence claim asserted against in personam defendants. Id. Thus, Brown may "elect to proceed in admiralty or to bring an ordinary civil action, either in state court or in federal court, if diversity or some other form of federal jurisdiction is present." Coley v. Dragon, Ltd., 138 F.R.D. 460, 464 (E.D. Va. 1990) (citing Pryor v. American President Lines, 520 F.2d 974, 976 (4th Cir. 1975); See also Lockheed Martin, 503 F.3d at 356. If a claim involving general maritime issues is tried "at law,"

the claim nonetheless remains a maritime claim, and "substantive admiralty law governs the disposition of the claim." Lockheed Martin, 503 F.3d at 356.

Sometimes, as in this case, maritime claims arise under multiple bases of federal jurisdiction. See e.g. Lockheed Martin, 503 F.3d at 354; Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 154 (4th Cir. 1995); Lewis v. U.S., 812 F.Supp. 620, 627 (E.D.Va. 1992). In those instances, parties may disagree about whether the case is to proceed in admiralty or at law, and the distinction is important. "There are 'numerous and important consequences' attendant upon the decision to treat a case as within admiralty jurisdiction." Lewis, 812 F. Supp. At 627 (citing T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 586 (5th Cir.), cert. denied, 464 U.S. 847, 104 S.Ct. 151, (1983)). "These include: the entitlement to special rules of procedure; the applicability of special venue rules and special rules respecting interlocutory appeals; and the availability of certain unique remedies. The most important consequence in this action, however, is the unavailability of trial by jury." Lewis, 812 F.Supp. at 627 (citing Coley v. Dragon, Ltd., 138 F.R.D. 460, 464 (E.D.Va.1990). Conversely, "[p]erhaps the most important aspect of an admiralty plaintiff's right to proceed 'at law' in state or federal court is the right to demand a jury trial."). In re Lockheed Martin, 503 F.3d at 355.

Because of these important consequences, Fed. R. Civ. P. 9(h) provides a mechanism to allow a plaintiff to designate his claim within admiralty jurisdiction. The Rule states:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

4

Fed. R. Civ. P. 9(h); Lewis, 812 F. Supp. At 678 (requiring designation "in accordance with Rule 9(h)" in order to bind plaintiff to election when alternate basis of jurisdiction exists.) See also Banks v. Hanover S. S. Corp., 43 F.R.D. 374 (D.Md., 1967)("An allegation that the claim is within the admiralty and maritime jurisdiction does not automatically make it an admiralty and maritime claim, within the meaning of Rule 9(h), if the claim is also within the jurisdiction of the district court on some other ground. A statement identifying the pleading as an admiralty and maritime claim is necessary.") (emphasis in original). But see Chisholm v. UHP Projects, Inc., 30 F. Supp. 2d 928 (E.D. Va. 1998) (holding that plaintiff's intention "to capitalize from special rules and procedures of admiralty" foreclosed his right to a jury on maritime claims).

In this case, Brown's claims against Norman and Cox both have an independent basis for jurisdiction, namely diversity. Thus, Brown can elect to proceed in admiralty or at law, preserving his common law right to a trial by jury. Norman argues that Brown's reliance on maritime rules of decision implicitly invoked the Court's maritime jurisdiction. He argues that Brown's claims under maritime theories of negligence, his citation to Inland Navigation Rules, and his explicit recitation that the case falls within the Court's maritime jurisdiction should operate as a 9(h) designation and preclude his demand for a jury. (ECF No. 31 at 5-6).

The Court does not find that Brown elected to proceed with the trial of the Amended Complaint in admiralty. Brown's Amended Complaint refers to maritime law, but has not invoked any special maritime procedural rules available only in admiralty jurisdiction, or sought to proceed in rem.[1] The two counts alleged against Cox and Norman separately are simply described as "Negligence" counts. Brown has expressly requested a jury -- signifying his intent

---

[1] In Coley v. Dragon, Ltd., the Court observed that exceptions to the rule of concurrent jurisdiction in maritime cases "include actions in rem and suits brought under specific statutes in which Congress has conferred exclusive admiralty jurisdiction upon the federal courts. Coley, 138 F.R.D. 460, 464 n.1 (citations omitted); See also Lewis, 812 F. Supp. at 628 (distinguishing Teal v. Eagle Fleet, Inc., 933 F.2d 341 (5th Cir. 1991) on the basis that Teal plaintiffs sought to proceed in rem).

not to proceed under admiralty jurisdiction. Though Brown relies upon maritime law, his claims also rely upon state statutes and common law negligence duties that arise independent of the maritime nature of the claim. In analyzing (and dismissing) Brown's claim for punitive damages the Court and the parties relied almost exclusively upon Virginia law. (ECF No. 27, p. 5). As a result, Brown's pleading cannot be read as an express or implied designation sufficient to preclude his right to proceed at law, with a jury.

Norman also argues that Rule 9(h) bars Brown from asserting diversity jurisdiction because his claim is cognizable only in admiralty and thus it is an admiralty or maritime claim whether designated or not. He relies heavily on this Court's decision in Chisholm v. UHP Projects, Inc., 30 F. Supp. 2d 928 (E.D. Va. 1998). After reviewing the pleadings, the Court finds that Brown's claim is not cognizable only in admiralty. The holding in Chisholm is a narrow one.

In Chisholm, this Court found that the plaintiff was not entitled to a jury trial despite his allegations of diversity jurisdiction, because he had implicitly invoked admiralty jurisdiction by seeking particular remedies only available under maritime law, and because his allegations under state law had no merit and were dismissed prior to trial. Chisholm, 30 F. Supp. 2d at 934. Specifically, the Court held that "[i]n his complaint, [Plaintiff] indicated diversity of citizenship as the sole basis for jurisdiction. Through artful pleading, he made no express reference to maritime or admiralty law whatsoever." Id. The Court nonetheless found that "[b]ecause there is no negligence here.... [Plaintiff's] action for implied contractual warranty would not lie under Virginia law. [Plaintiff] therefore alleged breach of warranty for workmanlike performance, which is uniformly regarded as a claim under admiralty law not dependent upon privity."[2] Id.

---

[2] The court observed that Chisholm relied upon "admiralty's extension of the [implied] warranty owed by the stevedore to maritime employees of the ship owner." Chisholm, 30 F. Supp. 2d at 934.

The Court wrote that "[q]uite obviously, [Plaintiff] has intended to capitalize from the special rules and procedures of an admiralty case." Id. Finally, the Court observed that the plaintiff specifically pled for prejudgment interest, "on the grounds that courts routinely grant such awards in maritime cases." Id. at 938. The Court concluded that although the plaintiff "cleverly pleaded his case in hopes of maximizing the benefits of admiralty law without what he believed were the consequences of a non-jury trial" he was not entitled to a jury on what the Court called a "purely admiralty case." Id. at 934, 938.

Unlike Chisholm, Brown has pled claims under both maritime law and state law.  He relies on maritime rules but also alleges that Defendants breached a general duty to operate motorboats in a safe manner (ECF No. 5, ¶¶ 24, 48); violated Virginia Beach ordinances governing safe operation of motorboats (Id. at ¶¶ 43, 62), and were generally negligent, careless and reckless.  (Id. at ¶¶ 24, 48).  Brown's Amended Complaint does not invoke any procedural rules, procedures, or remedies unique to maritime law.  He has not pled for prejudgment interest, but instead seeks general compensatory damages proximately caused by the foregoing breaches. His request for punitive damages was limited to the Virginia-mandated cap of $350,000.00.  (Id. at p. 8).  Under these circumstances Brown is not limited to proceeding only in admiralty.

As in Lewis v. U.S., "[Plaintiff's] general maritime claim against [Defendant is] not 'cognizable only in admiralty.'  In Lewis, the claim was also cognizable as a pendant party claim...." 812 F.Supp. at 629, Brown's claims are within the Court's original diversity jurisdiction.  While the Court also has maritime jurisdiction in this case, and maritime jurisdiction could have been designated, Brown has alleged a negligence claim between diverse parties in an amount exceeding $75,000.00.  Thus, Brown has asserted a claim that can proceed

either in admiralty or at law.  Absent a specific election under 9(h), or circumstances obviating the need for election, his jury demand in the Amended Complaint is proper.[3]

**B.      Timeliness of request.**

Norman has also moved to strike Brown's jury demand as a result of his failure to demand one in the Original Complaint.  A party must demand a trial by jury "no later than fourteen days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b).  Failure to properly demand a jury trial constitutes a waiver of that right.  Id.  "The general rule is that a jury request is timely if made within [fourteen] days of the last defendant's answer." Jones v. Boyd, 161 F.R.D. 48, 49 (E.D.Va. 1995) (citing Bentler v. Bank of America Nat'l Trust & Sav. Ass'n, 959 F.2d 138, 141 (9th Cir. 1992)).  With regard to amended or supplemental pleadings, a new time period ordinarily begins only when the amended pleading raises new issues.  Id.; 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2320 (2011).  Merely identifying new defendants does not reset the time to demand a jury.  Boyd, 161 F.R.D. at 49.

In this case, however, the Defendant Cox never answered the Original Complaint.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of this Court entered a default against Defendant Cox on May 2, 2011.  The Court then ruled that because the Complaint was substantively amended following Cox's default, the Amendment operated to reopen the default. As a result, the Court vacated the Clerk's Entry of Default and ordered Plaintiff to serve the Amended Complaint on Cox.  (ECF No. 21).  After some difficulty obtaining service, Cox was afforded the opportunity to answer the Amended Complaint which he timely did on January 20, 2012.  Because the Amended Complaint contains common issues between the parties, the

---

[3] It bears mention that the jury issue in Chisholm was decided after trial to a jury.  Although the Court ultimately concluded Chisholm was not entitled to a jury – in part due to the dismissal of meritless state law claims – the Court nonetheless accepted the jury's advisory verdict as its own.  Chisholm, 30 F. Supp. 2d at 938-39.

time for making a jury demand would not expire until fourteen days after the last pleading is filed. Accordingly, the demand included in this Amended Complaint was timely.

Finally, the Court has the discretion to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). In his response to the Motion, Brown invoked the Court's discretion under Rule 39(b) by moving for leave in the event the demand in the Amended Complaint were deemed untimely. The factors to be weighed in making this determination include (1) whether the issue is well suited for determination by a jury; (2) whether granting a jury trial will create prejudice upon the opposing party; (3) whether the motion is made early or late in the proceedings; (4) whether a jury trial will adversely affect the orderly administration of justice; and (5) justification for not originally demanding a jury trial. Vannoy v. Cooper, 872 F.Supp. 1485, 1486-87 (E.D.Va 1995) (citing Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 n.11 (4th Cir. 1980).

The present action is appropriate for resolution by a jury as the issues involve relatively uncomplicated factual questions of negligence and the determination of damages for personal injury. See Williams v. Food Lion, 2009 WL 1809993 at *3. Additionally, Defendant Norman has not identified any prejudice should the court grant the Plaintiff's jury trial request. Plaintiff's request in his Amended Complaint gives Defendants sufficient notice as it occurred early in the litigation, before any discovery, before initial disclosures were produced, and before the initial pretrial conference where the case will be set for trial. The discovery schedule and trial date have not been set, and Defendant's preparation for trial will not be affected by a potential jury trial. Finally, although Plaintiff has not provided an explanation for not making the demand in his Original Complaint, this is only one factor guiding the Court's exercise of discretion under Rule 39(b); See Vannoy, 872 F. Supp. At 1487. Smith v. Estes Express, 2009 WL 366586 (E.D.

Va. 2009). Under the unusual circumstances of this case, the demand in the Amended Complaint is adequate for the foregoing reasons.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Strike the Jury Demand. The Clerk is DIRECTED to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 24, 2012